## E. F. ABBOTT, ETC., v. CITY OF NEWPORT.

**Appeals and Errors—Mandate—Former Opinion of the Case.**

    The Court of Appeals has not the power to revise its former decision, whether it be right or wrong. The Court of Appeals, as well as the Circuit Court, is bound to recognize it as the law of the case.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

February 21, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

Although the mandate of the court did not in terms direct the Judge of the Circuit Court upon the return of the cause to dismiss the petition of the appellants, yet when the reasoning and conclusions of this court, as set out in the opinion, are considered, the further proceedings directed to be had, mean nothing more than the entry upon the record of the mandate, and the dismissal of such petition.

The amended petition offered to be filed is in no sense a bill of review. It presents no new fact arising or discovered since the first hearing of the cause. The object was to raise a question of law which might have been prevented, and acted upon when the cause was first heard, or as appellants express it, to present fully and clearly a legal question attempted to be raised in the original pleadings.

It is not necessary that we should express an opinion upon this legal proposition. We have not the power to revise our former decision. Whether it be right or wrong, this court as well as the circuit court, is bound to recognize it as the law of this case.

Inasmuch as the circuit court had no discretion in the matter, but was bound to enter and obey the mandate of this court, it was not erroneous to refuse to transfer the cause to the chancery court.

Judgment affirmed.

*Hallam*, for appellants.

*Hawkins & Boden*, for appellee.